IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO, LTD., AS SUBROGATED INSURERS OF SUMITOMO CORPORATION OF AMERICAS<br>　　　　　Plaintiff,<br><br>v.<br><br>M/V CLIPPER KAMOSHIO,<br>her engines, tackle, boilers, etc. *in rem,*<br><br>v.<br><br>DEUGRO OCEAN TRANSPORT, INC.,<br>MOON RISE SHIPPING CO., SA, and<br>CLIPPER BULK SHIPPING LTD.,<br>　　　　　Defendants. | C.A. NO. _____<br>Admiralty Rule 9(h) |

## VERIFIED COMPLAINT

Plaintiff, Mitsui Sumitomo Insurance Co., Ltd., as subrogated insurers of Sumitomo Corporation of Americas ("Sumitomo"), by its attorneys Hill Rivkins LLP, complaining of the M/V CLIPPER KAMOSHIO, *in rem* (the "Vessel"), Deugro Ocean Transport, Inc. ("Deugro"), Moon Rise Shipping Co., SA, ("Moon Rise") and Clipper Bulk Shipping Ltd. ("Clipper"), (collectively "Defendants"), alleges upon information and belief:

I.

### JURISDICTION AND VENUE

1.　　This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper in this Court as defendant Deugro's principal

place of business is located herein and, to the extent applicable, the forum selection clause in Deugro's bill of lading requires all suit to be brought in the District in which Deugro's principal place of business is located.

2. This is a complaint *in rem* against the Vessel pursuant to Rule C of the Supplement Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The Verified Complaint is also *in personam* against defendants Deugro, Moon Rise and Clipper.

## II.

## PARTIES

3. At and during all the times hereinafter mentioned, Mitsui Sumitomo Insurance Co., Ltd. had and now has the legal status and principal office and place of business stated in Schedule A and was the insurer of the Shipment that is the subject of this Complaint. Pursuant to a policy of insurance, Mitsui reimbursed its insured, Sumitomo Corporation of Americas, and now has become subrogated to the rights of its Insured, however those rights may appear.

4. At and during all the times hereinafter mentioned, Sumitomo Corporation of Americas had and now has the legal status and principal office and place of business stated in Schedule A and was the receiver, consignee and/or owner of the shipment that is the subject of this Complaint.

5. At and during all the times hereinafter mentioned the M/V CLIPPER KAMOSHIO, was and now is a 2009 built Panamanian flagged vessel, IMO No. 9400899, which was employed in the common carriage of goods for hire and, upon information and belief, now is or will be during the pendency of this action within this District and the jurisdiction of this Honorable Court. Plaintiff requests deference of the Court for time to arrest the Vessel when it is

in this, or another appropriate US port, jurisdiction which is anticipated during the pendency of this suit.

6.      At and during all the times hereinafter mentioned, defendants Clipper, Moon Rise, and Deugro had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the Vessel.

### III.

### FACTS

7.      In or about November 2018, there was delivered to defendants M/V CLIPPER KAMOSHIO, Clipper, Moon Rise, and Deugro in good order and condition, the shipment described in Schedule A (the "Shipment"), which the Vessel and defendants Clipper, Moon Rise, and Deugro received, accepted and agreed to transport for certain consideration from Kuantan, Malaysia, to the Port of Philadelphia, Pennsylvania.

8.      Thereafter, the Vessel arrived at the Port of Philadelphia, Pennsylvania, the Shipment was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein.

9.      On information and belief, the Vessel and defendants Clipper, Moon Rise, and Deugro breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

10.     Plaintiff further alleges, in the alternative and without waiving the foregoing, that all defendants were bailees of the Shipment. Defendants delivered the Shipment in a damaged

condition that did not exist at the time of plaintiff's/bailor's delivery to the bailees. Defendants breached their duties and obligations as bailees and were negligent.

11. Plaintiff was the shipper, consignee, insurer and/or owner of the Shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

12. Plaintiff has duly performed all duties and obligations on its part to be performed.

13. By reason of the above-stated premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of NINE HUNDRED SIXTY-ONE THOUSAND FIVE HUNDERED FORTY-SEVEN AND 49/100 DOLLARS ($961,547.49) for which Plaintiff demands recovery from all defendants, jointly and severally.

## IV.

## **PRAYER**

14. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiff prays:

(a) That summons in due form of law may issue against Defendants;

(b) That a judgment may be entered in favor of Plaintiff against the M/V CLIPPER KAMOSHIO, *in rem* and against defendants Deugro Ocean Transport, Inc., Moon Rise Shipping Co., SA and Clipper Bulk Shipping Ltd. *in personam* one or more of them, for the amount of Plaintiff's damages and attorney's fees, together with interest and the costs and disbursements of this action;

(c) That a warrant for the arrest of the vessel, M/V CLIPPER KAMOSHIO, *in rem*, her engines, tackle apparel, etc., be issued, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, and that all persons having or claiming any interest therein be cited to appear and answer, under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiff for its damages and attorney's fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

(d) That if defendants Deugro Ocean Transport, Inc., Moon Rise Shipping Co., SA and Clipper Bulk Shipping Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, that all assets of defendants, up to and including NINE HUNDRED SIXTY-ONE THOUSAND FIVE HUNDRED FORTY-SEVEN AND 49/100 DOLLARS ($961,547.49) be restrained and attached, including but not limited to the Vessel, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through any garnishees upon who a Writ of Maritime Attachment and Garnishment may be served;

(e) That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
JAMES A. SAVILLE
SDTX I.D. No.:
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200


Houston, Texas 77007
Telephone: (713) 222-1515
Direct Line: (713) 457-2287
Facsimile: (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: jsaville@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF**
**MITSUI SUMITOMO INSURANCE CO., LTD.**

**VERIFICATION**

THE STATE OF TEXAS         *
                           *
COUNTY OF HARRIS           *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this __th day of January, 2020.

_____
Notary Public, State of Texas
My Commission Expires: 3/26/20

ROSA LANDIN
Notary Public, State of Texas
Comm. Expires 03-26-2020
Notary ID 4267395

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Mitsui Sumitomo Insurance Co., Ltd.** was and now is a Japanese corporation with an office and place of business at 9, Kanda-Surugadai 3-chome, Chiyoda-ku, Tokyo, Japan.

Plaintiff's subrogating insured is **Sumitomo Corporation of Americas** was and now is a New York corporation with an office and place of business at 1999 Marcus Ave, Suite 220, Success, NY 11042.

Defendant **M/V CLIPPER KAMOSHIO** was at all material times a general cargo ship sailing under the Panamanian flag. The vessel was built in 2009, its call sign is 3FSK2, and its gross tonnage is 20,236 tons.

Defendant, **Deugro Ocean Transport, Inc.** was and now is a Texas corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does maintain a designated agent on whom service may be made in Texas, and thus may be served through its designated registered agent:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

Defendant, **Clipper Bulk Shipping Ltd.** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its Texas home office at:

c/o Clipper Americas, Inc. attn.: Frank Jensen
750 Town & Country Blvd. Suite 5,
Houston, TX 77924

Defendant, **Moon Rise Shipping Co., SA** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

c/o Nagashiki Shipping Co., Ltd.
27767-2 Konoshimasotoura-shi
Okayama-ken 714-0034 Japan

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Clipper Kamoshio |
| Date of Shipment: | Nov. 23, 2018 |
| Port of Shipment: | Kuantan, Malaysia |
| Port of Discharge: | Philadelphia, PA |
| Shipper: | Sumitomo Corporation |
| Consignee: | Sumitomo Corporation of Americas |
| Description of Shipment: | Steel Pipes |
| Nature of Loss or Damage: | Seawater Rust, Contamination, short delivery and/or physical damage |
| Amount: | NINE HUNDRED SIXTY-ONE THOUSAND FIVE HUNDERED FORTY-SEVEN AND 49/100 DOLLARS ($961,547.49) |